USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-19-21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA          :
                                  :
     -against-                    :      No. 03 Cr. 1256 (JFK)
                                  :
VICTOR LORENZANO,                 :      **ORDER**
                                  :
                    Defendant.    :
----------------------------------X

**JOHN F. KEENAN, United States District Judge:**

On May 10, 2021, Defendant Victor Lorenzano filed a pro se motion seeking reconsideration of the Court's February 24, 2021 Opinion & Order ("the February 24 Decision") which denied his request for a sentence reduction pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute.[1] Lorenzano's motion urges the Court to revisit (1) its determination that extraordinary and compelling reasons warranting Lorenzano's immediate release do not exist; and (2) the Court's alternative finding that, even if the circumstances Lorenzano cited give rise to extraordinary and compelling reasons for a sentence reduction, application of the sentencing factors set forth in 18 U.S.C. § 3553(a) nevertheless outweigh modifying his sentence.

"[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise

---

[1] This Order assumes familiarity with the February 24 Decision. See United States v. Lorenzano, No. 03 Cr. 1256 (JFK), 2021 WL 734984 (S.D.N.Y. Feb. 24, 2021).

1

the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). Nevertheless, "[r]econsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The Second Circuit has made clear that motions for reconsideration are to be denied except where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Stagg P.C. v. U.S. Dep't of State, No. 15 Civ. 8468 (KPF), 2019 WL 1863418, at *1 (S.D.N.Y. Apr. 25, 2019) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "Compelling reasons for granting a motion for reconsideration are limited to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Id. (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or

2

otherwise taking 'a second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)); see also Stone v. Theatrical Inv. Corp., 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (observing that a motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced") (quotation marks omitted).

Lorenzano's motion for reconsideration is without merit. First, Lorenzano does not point to controlling decisions or data that the Court overlooked, but rather, he repeats the same insufficient arguments that he asserted in his initial request for a sentence reduction.

Second, as the Court explained in the February 24 Decision, "none of the factors cited by Lorenzano—individually or in combination—gives rise to extraordinary and compelling circumstances." United States v. Lorenzano, No. 03 Cr. 1256 (JFK), 2021 WL 734984, at *2 (S.D.N.Y. Feb. 24, 2021). Accordingly, Lorenzano is not entitled to a reduction in sentence. See 18 U.S.C. § 3582(c) (stating a court "may not modify a term of imprisonment once it has been imposed" without a finding that "extraordinary and compelling reasons warrant such a reduction").

3

Finally, and once again decisive here, modifying Lorenzano's sentence would not be consistent with the § 3553(a) sentencing factors. As the February 24 Decision explained, "the factors that weigh in Lorenzano's favor, such as the need to provide necessary medical care, are overshadowed by the combined force of 'the nature and circumstances of the offense,' 'the history and characteristics of the defendant,' and the need for the sentence imposed to 'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment for the offense,' 'afford adequate deterrence to criminal conduct,' and 'protect the public from further crimes of the defendant.'" Lorenzano, 2021 WL 734984, at *6. "Indeed," the Court explained, "Lorenzano has only served 17 years of a[n 87-year] sentence imposed for offense conduct that is among the most serious and reprehensible the Court has encountered: Lorenzano engaged in an extraordinary years-long armed robbery conspiracy that involved exceptional acts of violence and brutality and the theft of millions of dollars' worth of narcotics and other property." Id.

Accordingly, Lorenzano's motion for reconsideration is DENIED. Cf. United States v. Mason, No. 96 Cr. 126 (JFK), 2021 WL 793835, at *2 (S.D.N.Y. Mar. 2, 2021) (denying similar request for reconsideration of an order denying compassionate

release). Lorenzano's accompanying request for appointment of counsel is DENIED for the same reasons.

**SO ORDERED.**

Dated: New York, New York
May 19, 2021

*John F. Keenan*
John F. Keenan
United States District Judge