**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA,**

           **- against -**

**VICTOR LORENZANA,**

                  **Defendant.**

**3-cr-1256 (JGK)**
**16-cv-4355 (JGK)**

**MEMORANDUM OPINION AND**
**ORDER**

**JOHN G. KOELTL, District Judge:**

In 2005, the petitioner, Victor Lorenzana, was convicted of numerous felony counts, including three counts of attempted or completed Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). Pursuant to 18 U.S.C. § 924(c), Lorenzana was also convicted of three counts of using and possessing a firearm in furtherance of the Hobbs Act robbery counts. The petitioner was sentenced to a total of eighty-seven years' imprisonment: fifty-seven years on the Hobbs Act robbery and § 924(c) counts, and thirty years on the remaining counts of conviction.

In this successive petition brought pursuant to 28 U.S.C. § 2255, The petitioner now moves to vacate his conviction and sentence on the three § 924(c) counts. For the following reasons, the motion is **granted** and the petitioner's convictions on Counts Six, Seven, and Nine pursuant to § 924(c) are **vacated.**

**I.**

A defendant convicted under § 924(c) faces a mandatory consecutive term of imprisonment. 18 U.S.C. § 924(c). A defendant can be convicted under § 924(c) if he uses or carries a firearm "during and in relation to," or possesses a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A).[1]

Section 924(c) proceeds to define the term "crime of violence" in two subparts. Under § 924(c)(3)(A), known as the elements clause, an offense is a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Under § 924(c)(3)(B), known as the residual clause, an offense is a crime of violence if it is one "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

**II.**

The following facts are undisputed for purposes of the current § 2255 motion.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

**A.**

Through the late 1990s and into the early 2000s, Lorenzana was a member of a crew that committed a series of violent armed robberies in Manhattan and the Bronx. S9 Indictment ("S9") ¶¶ 1, 2, 4, Dkt. 93.[2] In 2003, Lorenzana was indicted on twelve counts arising out of these robberies, six relevant to this petition. Id. ¶¶ 1-14. Three counts—Counts Two, Three, and Five—each charged Lorenzana with attempted and completed Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). Id. ¶ 4. The three corresponding counts—Counts Six, Seven, and Nine—each charged Lorenzana with using a firearm during the commission of a "crime of violence" in violation of 18 U.S.C. § 924(c). Id. ¶ 5.[3]

On June 1, 2005, Lorenzana pleaded not guilty and proceeded to a jury trial before Judge John F. Keenan. Trial Transcript ("Tr.") 4, Dkt. 118-20. The Government, Lorenzana, and Lorenzana's co-defendant at trial each submitted requests to charge. See Gov't Charge Req. ("Gov't Ch."), Dkt. 96; Lorenzana

---

[2] Docket ("Dkt.") numbers refer to Case No. 3-cr-1256 unless otherwise noted.

[3] The remaining counts charged Lorenzana with the following crimes: Count One charged conspiracy to commit Hobbs Act robbery, Count Ten charged conspiracy to distribute and possess with intent to distribute five kilograms and more of cocaine and one kilogram and more of heroin, Count Eleven charged money laundering through the purchase of a 2001 Chrysler Town and Country, and Count Twelve charged money laundering through the purchase of a 1997 BMW 528. S9 ¶¶ 1-2, 6-9, 11, 14. Counts IV and VIII pertained only to Ramon Reyes, Lorenzana's co-defendant at trial. Id. at ¶¶ 4-5.

Ch., Dkt. 107; Reyes Ch., Dkt. 97; see also Gov't Resp. Ltr.,
Dkt. 111. Without specifying why, the parties' requests to
charge agreed that both attempted and completed Hobbs Act
robbery qualified as crimes of violence pursuant to § 924(c)(3)
as a matter of law. Gov't Ch. Req. 39; Lorenzana Ch. 28; Reyes
Ch. ¶ 23. At the charge conference, the court and the parties
did not discuss § 924(c)(3). See Tr. 1876-1911.

At the close of trial, the court instructed the jury that
either attempted or completed Hobbs Act robbery would suffice to
convict Lorenzana on the mixed Hobbs Act robbery counts. Id. at
2096-98 (instructing that the Government "must prove that the
defendant . . . obtained or took or attempted to obtain or take
the property of another"). The court further instructed the jury
that either attempted or completed Hobbs Act robbery qualified
as a crime-of-violence predicate for conviction on the
corresponding § 924(c) counts. Id. at 2125 ("You are instructed
that each of the offenses charged in those counts"—i.e.,
attempted and completed Hobbs Act robbery—"qualify as crime[s]
of violence under the law."). Thus, the court did not specify
whether the Hobbs Act offenses constituted a crime-of-violence
predicate under § 924(c)'s elements clause, that section's
residual clause, or both. Id.

On June 29, 2005, the jury returned a guilty verdict on the
mixed Hobbs Act robbery and corresponding § 924(c) counts. Id.

4

at 2193-96.[4] The jury's verdict did not specify whether the jury found Lorenzana guilty of attempted or completed Hobbs Act robbery on Counts Two, Three, and Five. Id. at 2194-95. The verdict also did not explain which clause of § 924(c)(3) the jury relied on to find the defendant guilty on Counts Six, Seven, and Nine. Id. The jury specifically found that Lorenzana brandished a firearm during the commission of Counts Six and Nine, but not Count Seven. Id. at 2195, 2197; see also Jg. 1.

On January 16, 2007, the court sentenced the petitioner principally to eighty-seven years' imprisonment, including fifty-seven years for his § 924(c) convictions. See Sentencing Transcript ("S. Tr.") 12, Dkt. 161. The court sentenced the petitioner to the mandatory minimum sentence of seven years on Count Six, and the mandatory minimum sentence of twenty-five years on each of Counts Seven and Nine, all to run

---

[4] The jury also found Lorenzana guilty on Counts One, Ten, and Eleven, but not Count Twelve. See Judgment ("Jg.") 1-2, Dkt. 157.

consecutively. Id. at 11–12.[5] In addition, the petitioner was sentenced to thirty years on the other counts on which the jury returned a guilty verdict. Id. at 11–12.[6]

Lorenzana timely appealed. As relevant to the present petition, Lorenzana did not raise any arguments on appeal that related to whether attempted Hobbs Act robbery was a crime of violence for purposes of 18 U.S.C. § 924(c). Lorenzana's convictions were affirmed on direct appeal. See United States v. Lorenzana, 380 F. App'x 13, 15-16 (2d Cir. 2010) (summary order).

---

[5] At the time of Lorenzana's conviction and sentencing, the statute imposed a "stacked" mandatory minimum consecutive sentence of twenty-five years for a "second or subsequent conviction under" § 924(c), including second or subsequent convictions charged in the same indictment as the first. § 924(c)(1)(C) (2006). Lorenzana thus received a seven-year sentence pursuant to § 924(c)(1)(A)(ii) on Count Six, then two consecutive twenty-five-year sentences pursuant to § 924(c)(1)(C) on each of Counts Seven and Nine. S. Tr. at 11–12.

The First Step Act, enacted in 2018, struck "second or subsequent conviction under this subsection" from § 924(c)(1)(C) and inserted "violation of this subsection that occurs after a prior conviction under this subsection has become final." See Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221–22 (2018). Accordingly, were Lorenzana convicted on the same § 924(c) counts and sentenced today, he would not face the "stacked" mandatory minimum sentence. Id.

[6] Lorenzana was sentenced to twenty years on each of Counts One, Two, Three, Five, and Eleven to run concurrently with each other, S. Tr. at 11, and ten years on Count Ten to run consecutively to all of the other sentences imposed, id. at 12. Lorenzana's present petition does not challenge these convictions.

**B.**

In 2012, Lorenzana petitioned for post-conviction relief pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel and lack of subject-matter jurisdiction. Lorenzana v. United States, No. 11-cv-6153, 2012 WL 4462006, at *2–7 (S.D.N.Y. Sept. 27, 2012). In his first § 2255 petition, Lorenzana did not raise any arguments challenging whether attempted Hobbs Act robbery was a crime of violence within the meaning of 18 U.S.C. § 924(c). See id. The court denied his petition and also denied a certificate of appealability. Id. at *7.

Four years after Lorenzana's unsuccessful § 2255 petition, the legal landscape shifted: the Supreme Court decided United States v. Johnson, 576 U.S. 591 (2015). Johnson struck as unconstitutionally vague the Armed Career Criminal Act's ("ACCA's") residual clause, codified in 18 U.S.C. § 924(e)(2)(B)(ii). Id. at 606.

Because Lorenzana's § 924(c) convictions potentially rested on that section's residual clause, in June 2016, Lorenzana sought authorization from the Second Circuit Court of Appeals to file a successive § 2255 petition for post-conviction relief. He simultaneously proceeded to file a second § 2255 petition in the

trial court. ECF No. 1 at 11.[7] Both courts entered stays pending decisions in several cases before the Supreme Court and the court of appeals. ECF Nos. 3, 4.

In 2019, the Supreme Court decided United States v. Davis, 588 U.S. 445 (2019). Davis invalidated § 924(c)'s residual clause as unconstitutionally vague. Id. at 470. In October 2020, the Second Circuit Court of Appeals lifted its stay and granted Lorenzana leave under § 2255(h)(2) to file his successive § 2255 petition. ECF No. 10. In September 2021, the trial court denied Lorenzana's second or successive petition, finding that his § 924(c) convictions were supported by two valid predicates: attempted Hobbs Act robbery and completed Hobbs Act robbery. United States v. Lorenzana, Nos. 3-cr-1256 & 16-cv-6153, 2021 WL 4462358, at *2-3 (S.D.N.Y. Sept. 29, 2021). The trial court also denied a certificate of appealability. Id. at *3.

In October 2021, Lorenzana timely appealed and moved the court of appeals for a certificate of appealability under § 2255(c). ECF No. 12. Then, in June 2022, the Supreme Court decided United States v. Taylor, 596 U.S. 845 (2022). Taylor held that attempted Hobbs Act robbery does not constitute a crime of violence within the meaning of § 924(c)'s elements clause. Id. at 851. Following Taylor, the court of appeals

---

[7] ECF Numbers refer to Case No. 16-cv-4355 unless otherwise indicated.

8

granted Lorenzana's § 2255(c) petition, vacated the trial
court's order denying Lorenzana's successive § 2255 petition,
and remanded the case to this Court for further proceedings. ECF
No. 13. The Government consented to the vacatur and remand,
although it reserved its right to argue the following: the
petition failed to meet AEDPA's gatekeeping requirements; the
petitioner's claims were procedurally defaulted; and the
petitioner's § 924(c) convictions remain supported by valid
predicates. Lorenzana v. United States, No. 21-2605 (2d Cir.),
ECF No. 32.

The appellate court's November 29, 2022 order granted
Lorenzana a certificate of appealability "on the issue of
whether [his] 18 U.S.C. § 924(c) convictions remain supported by
any valid crime-of-violence predicate . . . in light of
[Taylor]." ECF No. 14. The order instructed this Court to answer
two specific questions: (1) whether the petitioner's § 924(c)
convictions are still supported by any valid crime-of-violence
predicate; and (2) whether the case law underlying the
petitioner's claim may be applied retroactively to cases on
collateral review. Id.

On January 19, 2023, the court of appeals decided Hall v.
United States, holding that Davis, like Johnson, applies
retroactively on collateral review. 58 F.4th 55, 63 (2d Cir.
2023). The next day, on January 20, 2023, the court of appeals

issued the November 29, 2022 order as a mandate to this Court.
ECF No. 14. On November 20, 2024, the Court heard oral argument.

### III.

### A.

In 2015, <u>Johnson</u> struck ACCA's residual clause as
unconstitutionally vague. 576 U.S. at 606.[8] Then, the Supreme
Court in <u>Welch v. United States</u> held that "the rule announced in
<u>Johnson</u> is substantive" and therefore "has retroactive effect .
. . in cases on collateral review." 578 U.S. 120, 129–30 (2016).
Next, in 2019, <u>Davis</u> invalidated § 924(c)(3)(B) as
unconstitutionally vague. 588 U.S. at 470.

Post-<u>Davis</u>, a § 924(c) conviction may only be sustained on
a crime of violence as defined under § 924(c)'s elements clause.
<u>See</u> <u>id.</u> In 2022, <u>Taylor</u> decided that attempted Hobbs Act robbery
does not constitute a crime of violence within the meaning of §
924(c)'s elements clause. 596 U.S. at 851. Completed Hobbs Act
robbery, however, remains a valid crime-of-violence predicate
under § 924(c)'s elements clause. <u>See</u> <u>United States v. Hill</u>, 890

---

[8] ACCA, codified at § 924(e), enhances a person's sentence for
certain firearms offenses when that person has at least three
previous state or federal convictions "for a violent felony or a
serious drug offense, or both." § 924(e)(1). Under ACCA's now-
invalid residual clause, a "violent felony" includes any offense
that "involves conduct that presents a serious potential risk of
physical injury to another." § 924(e)(2)(B)(ii).

F.3d 51, 60 (2d Cir. 2018); see also United States v. McCoy, 58
F.4th 72, 74 (2d Cir. 2023) (affirming Hill post-Taylor).

### B.

Federal prisoners like Lorenzana must pursue postconviction
remedies pursuant to 28 U.S.C. § 2255. To obtain postconviction
relief under § 2255, a petitioner must show that the
petitioner's prior sentence was invalid because "the sentence
was imposed in violation of the Constitution or the laws of the
United States . . . or is otherwise subject to collateral
attack." § 2255(a).

On the merits, the petitioner bears the burden to prove
that he is entitled to relief by a preponderance of the
evidence. See, e.g., United States v. Thorn, 659 F.3d 227, 233–
34 (2d Cir. 2011); Triana v. United States, 205 F.3d 36, 40 (2d
Cir. 2000). In addition, a § 2255 petitioner must demonstrate
that the alleged errors had a "substantial and injurious effect"
that resulted in "actual prejudice" to the petitioner. Brecht v.
Abrahamson, 507 U.S. 619, 623, 637 (1993); see also Underwood v.
United States, 166 F.3d 84, 87 (2d Cir. 1999) (applying Brecht's
harmless-error standard to § 2255 petitions).

### C.

In 1996, Congress enacted the Antiterrorism and Effective
Death Penalty Act of 1996 ("AEDPA"), which "place[d] stringent
limits on a prisoner's ability to bring a second or successive

11

application for a writ of habeas corpus." <u>Adams v. United
States</u>, 155 F.3d 582, 583 (2d Cir. 1998).

Section 2255(h) requires a federal prisoner to "clear two
hurdles" before he can file a second or successive petition.
<u>Savoca v. United States</u>, 21 F.4th 225, 230 (2d Cir. 2021),
<u>vacated in other part</u>, No. 20-1502, 2022 WL 17256392 (2d Cir.
Nov. 29, 2022) (summary order). First, the petitioner must
receive permission to file a second or successive petition from
the appropriate court of appeals according to the procedures
"provided in section 2244." § 2255(h); <u>see also</u> § 2244(b)(3). To
obtain this authorization, the petitioner must make a "prima
facie showing" that his petition relies on: (1) newly discovered
evidence that, if proven, would be sufficient to establish
factual innocence, or "(2) a new rule of constitutional law,
made retroactive to cases on collateral review by the Supreme
Court, that was previously unavailable." § 2255(h).

Next, AEDPA "shifts responsibility to the district courts,
which are tasked with assessing, on the merits, each petition's
substantive compliance with AEDPA." <u>Savoca</u>, 21 F.4th at 232
(citing § 2244(b)(4)); <u>see also</u> <u>Bell v. United States</u>, 296 F.3d
127, 128 (2d Cir. 2002). At this second step, the district court
conducts the "full merits adjudicat[ion]" of AEDPA's gatekeeping
requirements. <u>Savoca</u>, 21 F.4th at 232. The district court "must
engage in a searching inquiry" to determine whether the second

12

or successive petition "in fact relies on a 'new rule of
constitutional law.'" Id. at 230 (quoting language in §
2244(b)(2)(A)). Whether the record "reflects a particular
court's reliance on" the now-void statutory clause is "a
question of historical fact." See id. at 232. The district
court must independently conduct this analysis and is not bound by the
appellate court's prima facie finding. Id. at 230.

## IV.

The parties dispute whether the Court should reach the
merits of the petitioner's claim. The Government asserts that
the petitioner has failed to establish that the petition relies
on a new rule of constitutional law made retroactive to cases on
collateral review by the Supreme Court. See Gov't's Opposition
("Opp.") 10-12, Dkt. 307.; see also § 2255(h)(2). In response,
Lorenzana contends that a plain-text reading of "relies on"
permits his claim to satisfy AEDPA's gatekeeping requirements.
Petitioner's Reply ("Rep.") 17-19, Dkt. 310.

### A.

At the threshold, the petitioner argues that the Court
should bypass AEDPA's gatekeeping requirements pursuant to the
law-of-the-case doctrine. Id. at 14-17. His threshold objections
are without merit.

The petitioner contends that because the district court's
previous decision reached the merits of his petition, Lorenzana,

2021 WL 4462358 at *2-3, the law-of-the-case doctrine precludes
this Court from considering AEDPA's gatekeeping requirements.
Rep. at 14-16. However, the Second Circuit Court of Appeals
vacated the previous order. ECF No. 14. Therefore, the trial
court's previous decision does not constrain this Court. See
Johnson v. Bd. of Educ. of Chicago, 457 U.S. 52, 53-54 (1982)
("Because we have vacated the Court of Appeals' judgments . . .
the doctrine of the law of the case does not constrain either
the District Court or . . . the Court of Appeals."); Ling Nan
Zheng v. Liberty Apparel Co., 556 F. Supp. 2d 284, 296 (S.D.N.Y.
2008) (finding that where a "judgment has been vacated" the "law
of the case doctrine does not apply").

Next, the petitioner contends that the mandate rule
requires the Court to reach the substantive merits. Rep. 16-17.
"Where a mandate limits the issues open for consideration on
remand, a district court ordinarily cannot consider additional
issues." Puricelli v. Argentina, 797 F.3d 213, 218 (2d Cir.
2015). However, the mandate in this case does not clearly
exclude AEDPA's gatekeeping provisions from consideration by
this Court. The mandate asks: (1) "whether [Lorenzana's] 18
U.S.C. § 924(c) convictions remain supported by any valid crime-
of-violence predicate . . . in light of [Taylor];" and (2)
"whether the case law underlying [Lorenzana's] claim may be

14

applied retroactively to cases on collateral review." ECF No. 14.

AEDPA placed stringent limits on when courts may review a second or successive § 2255 petition. See Adams, 155 F.3d at 583. Moreover, the Second Circuit Court of Appeals has made clear that district courts may not "impermissibly circumvent[]" AEDPA's gatekeeping provisions. See Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998). Without clear direction from the court of appeals, this Court must "assess[], on the merits, [the] petition's substantive compliance with AEDPA." Savoca, 21 F.4th at 232.

**B.**

Lorenzana's successive § 2255 petition satisfies AEDPA's stringent gatekeeping requirements. At this stage, the petitioner must show that his claim "in fact relies on," id. at 230, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A). Namely, the petitioner must show that he was convicted and sentenced under § 924(c)'s residual clause. Savoca, 2022 WL 17256392 at *2 (stating that a district court must make "a factual determination as to whether [the petitioner's] § 924(c) conviction was based on the elements clause or the residual clause."); cf. Savoca, 21 F.4th at 233. If the petitioner fails

15

to make this showing, the Court must "dismiss any claim presented in a second or successive application." Savoca, 21 F.4th at 230; § 2244(b)(4).

Savoca sets forth a three-step process for conducting this inquiry. First, the Court must examine "a wide range of materials" to determine, as a matter of historical fact, which § 924(c)(3) clause formed the basis for Lorenzana's conviction on Counts Six, Seven, and Nine. See Savoca, 21 F.4th at 232.[9] Second, if the record is inconclusive, the Court may consider background legal conditions. Savoca, 2022 WL 17256392 at *3. If that fails to clarify matters, the Court may reach "the question whether a habeas petition relies on a new rule of constitutional law when the record does not reveal the basis of the sentence." Id.

In Savoca, because the question was not squarely presented, the court of appeals did not decide the nature of the petitioner's burden: whether the petitioner may reach the merits by showing only that his sentence "may have been predicated" on the now-void residual clause, or whether he must establish that

---

[9] Savoca uses the term "sentencing court" because § 2255(a) provides a right of action for federal prisoners to challenge their "sentence" by moving the "court which imposed the sentence to vacate, set aside or correct the sentence." § 2255(a). In the § 924(c) context, a § 2255 movant challenges the movant's sentence imposed by the court pursuant to the jury's verdict convicting the movant under § 924(c).

it is "more likely than not" that it was. 2022 WL 17256392 at *3 n.1.

**1.**

Lorenzana's trial and sentencing record does not indicate which clause of § 924(c) formed the basis for his conviction on Counts Six, Seven, and Nine. None of the parties' requests to charge specified how attempted Hobbs Act robbery and completed Hobbs Act robbery qualified as crimes of violence under § 924(c)(3). Gov't's Ch. 39; Def.'s Ch. 17; Reyes Ch. ¶ 23. In turn, the final jury charge permitted conviction on the corresponding § 924(c) counts if the jury convicted Lorenzana of either attempted or completed Hobbs Act robbery on Counts Two, Three, and Five. Tr. 2125. Therefore, the court determined as a matter of law that both attempted and completed Hobbs Act robbery qualified as crimes of violence under § 924(c)(3). Id. But nothing in the record indicates whether the court did so under § 924(c)'s elements clause or that section's residual clause.

One court in this District has held that a petitioner's § 924(c) conviction rested on the elements clause as a matter of historical fact where the jury charge contained the language used in the elements clause, but not the language used in the residual clause. Barnes v. United States, Nos. 11-cr-184 & 16-cv-4521, 2024 WL 1309240, at *5-6 (S.D.N.Y. Mar. 26, 2024) (appeal

17

filed). By contrast, the record in this case does not provide such a clear indication. In Lorenzana's case, the trial court instructed the jury that both attempted and completed Hobbs Act robbery were crimes of violence as a matter of law without referencing the language in either clause of § 924(c)(3). See Tr. 2125. Namely, the trial court "instructed that each of the offenses charged in those counts qualify as crime[s] of violence under the law." Id. In sum, the historical record fails to show whether Lorenzana was convicted pursuant to § 924(c)'s elements clause or the section's residual clause.

According to the Government, the record shows that the court instructed the jury that attempted Hobbs Act robbery was a crime of violence under § 924(c)'s elements clause. Opp. 12-13. The Government relies on the definition of "robbery" in the jury charge and contends that the actual or threatened use of force was an element of attempted Hobbs Act robbery.

The Government reads too much into the record. The jury charge included the use of "actual or threatened force, violence, or fear of injury, whether immediate or in the future," as the second element of the mixed Hobbs Act robbery counts. Tr. 2097. But in the next breath, the court also instructed the jury that "[a]n attempt is similar to the crime of conspiracy in that there is no requirement that the attempt be successful or that the defendant actually carry out the crime

18

he was trying to commit." Tr. 2097-98. The attempt definition
followed: "[t]o prove the charge of attempting to commit a
robbery, the [G]overnment must prove beyond a reasonable doubt
that a defendant willfully took a <u>substantial step</u> to bring
about or accomplish the charged robbery." Tr. 2098 (emphasis
added).

"At no point did the [c]ourt instruct the jury that the
'substantial step' required the use of actual or threatened
force." <u>Parkes v. United States</u>, Nos. 3-cr-1364 & 16-cv-4771,
2023 WL 4865616, at *4 (S.D.N.Y. July 31, 2023). Rather, the
trial court instructed that a substantial step had to go beyond
"mere preparation," with the caveat that "some preparations,
when taken together, may amount to an attempt" when such actions
"clearly indicate a willful intent to commit the crime." Tr.
2098. The court also instructed the jury that Hobbs Act robbery
included the taking of property by placing a victim in fear of
"economic rather than physical injury," and "verbally or by a
physical gesture." Tr. 2099-2100.

A crime of violence under the elements clause, however,
must have "as an element the use, attempted use, or threatened
use of <u>physical force</u> against the person or property of
another." § 924(c)(3)(B) (emphasis added). Accordingly, the
record does not clearly show that Lorenzana was convicted on

19

Counts Six, Seven, and Nine "pursuant to the elements clause." Parkes, 2023 WL 4865616 at *4.[10]

**2.**

Given the ambiguous record, the Court may consider "background legal conditions" at the time of sentencing. Savoca, 2022 WL 17256392 at *3. At this step, the Court "should consider the likelihood that applying a given clause would have been legal error at the time of sentencing, and should not assume [the] sentencing court[] would have chosen a legally erroneous clause over a legally permissible one." Savoca, 21 F.4th at 235. In other words, the Court must examine whether, at the time of Lorenzana's trial and sentencing, the state of the law compelled the application of either the elements clause or the residual clause.

Neither party has presented such clear evidence. According to the Government, background legal conditions show that Lorenzana was convicted under § 924(c)'s elements clause. Opp. 13-14. But the Government relies on tangential cases. Two such

---

[10] The petitioner argues that even completed Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)(3)(A). Petitioner's Brief ("Br.") 13-18, ECF No. 19. But "Hill remains good law." United States v. Amador-Rios, No. 18-cr-398, 2023 WL 2383273, at *4 (E.D.N.Y. Mar. 6, 2023) (appeal filed) (citing McCoy, 58 F.4th at 74). Thus, "Hobbs Act robbery itself remains a valid predicate crime of violence for convictions under § 924(c)." Mendez v. United States, No. 21-1536, 2022 WL 17684586, at *2 (2d Cir. Dec. 15, 2022) (summary order).

cases, United States v. Galicia-Delgado, 130 F.3d 518, 520 (2d Cir. 1997) and United States v. Brown, 52 F.3d 415, 425–26 (2d Cir. 1995), "addressed attempted robbery under New York law, which had a 'more stringent' attempt requirement than the 'substantial step' test adopted by the Second Circuit [Court of Appeals] under federal law." Parkes, 2023 WL 4865616 at *4 (quoting United States v. Thrower, 914 F.3d 770, 776–77 (2d Cir. 2019) (in turn quoting People v. Acosta, 609 N.E.2d 518 (N.Y. 1993))). "Accordingly, those cases do not constitute relevant background legal conditions." Id.

The Government also relies on United States v. Medina, 32 F.3d 40, 45 (2d Cir. 1994). In Medina, the court of appeals noted in dicta that an attempted robbery is a violent felony within the meaning of § 924(e)(2)(B)(i), a similarly worded provision to § 924(c)'s elements clause. But at most, Medina marginally increases the likelihood that Lorenzana was convicted under § 924(c)'s elements clause. Medina's dicta—which did not even directly address § 924(c)(3)(A)—does not resolve the record's ambiguity.

On the other hand, Lorenzana argues that his trial and sentencing took place during "the reign of the residual clause." As evidence, the petitioner points to United States v. Elder, which held in 1996 that conspiracy to commit Hobbs Act robbery qualified as a crime of violence pursuant to § 924(c)'s residual

21

clause. 88 F.3d 127, 128–29 (2d Cir. 1996), overturned by United States v. Barrett, 937 F.3d 126, 129 (2d Cir. 2019) (Barrett abrogated on other grounds by Lora v. United States, 599 U.S. 453, 459 (2023)). Relying on Elder's application of the residual clause to Hobbs Act-robbery conspiracy at the time of his trial, Lorenzana argues that attempted Hobbs Act robbery likewise would have been considered a crime of violence pursuant to the residual clause. Rep. 23–24. But that conclusion is simply speculation without a basis in the contemporary cases. Therefore, background legal conditions in 2005 did not require the trial court to define attempted Hobbs Act robbery as a crime of violence pursuant to § 924(c)'s residual clause instead of the section's elements clause.

### 3.

Because the record and background legal conditions are inconclusive, the Court must decide the nature of the petitioner's burden to show that his "habeas petition relies on a new rule of constitutional law." Savoca, 2022 WL 17256392 at *3.

### a.

AEDPA's text does not specify the standard of proof that the district court must apply and that the petitioner must meet to overcome the statute's gatekeeping requirements. In the context of post-Johnson second or successive § 2255 petitions,

22

circuit courts of appeal have adopted two different standards.
Three circuit courts of appeal have held that a petitioner need
only show that the ACCA-enhanced sentence "may have been
predicated on application of the now-void residual clause."[11]
Seven circuit courts of appeal have disagreed and held that the
petitioner must "establish[] that it is more likely than not
that he was sentenced solely pursuant to [the] residual
clause."[12] These courts have or are likely to adopt the same
holdings in the context of § 924(c)'s residual clause. See,
e.g., Fernandez v. United States, 114 F.4th 1170, 1178-80 (11th
Cir. 2024); United States v. Jordan, 96 F.4th 584, 589 (3rd Cir.
2024).

　　　The Second Circuit Court of Appeals has yet to adopt either
standard. See Savoca, 21 F.4th at 234 n.7. In the absence of
such binding authority, the vast majority of district courts in
the Second Circuit that have considered the issue have adopted
the more permissive "may have" standard. See Parkes, 2023 WL
4865616 at *5 n.47 (S.D.N.Y. July 31, 2023) (collecting cases).

---

[11] United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017);
United States v. Peppers, 889 F.3d 211, 222 (3d Cir. 2018);
United States v. Geozos, 870 F.3d 890, 896 (9th Cir. 2017).
[12] Dimott v. United States, 881 F.3d 232, 243 (1st Cir. 2018);
United States v. West, 68 F.4th 1335, 1338 (D.C. Cir. 2023);
United States v. Clay, 921 F.3d 550, 559 (5th Cir. 2019); Walker
v. United States, 900 F.3d 1012, 1015 (8th Cir. 2018); United
States v. Washington, 890 F.3d 891, 896 (10th Cir. 2018); Potter
v. United States, 887 F.3d 785, 788 (6th Cir. 2018); Beeman v.
United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017).

The "may have" standard most sensibly constructs the habeas statutes as amended by AEDPA. See Savoca v. United States, No. 16-cv-4465, at 30 (S.D.N.Y. Apr. 20, 2023), Dkt 71 ("Savoca Op. Tr."); Parkes, 2023 WL 4865616 at *5. The gatekeeping inquiry required by §§ 2244(b) and 2255(h)(2) is by its nature a threshold one. Unlike the "may have" standard, however, the "more likely than not" standard augments the statutory text and turns the gatekeeping analysis into a merits determination. See Peppers, 899 F.3d at 222–23. "[S]trict though Congress intended it to be, AEDPA surely was not meant to conflate jurisdictional inquiries with analyses of the merits of a defendant's claims." Id. at 222. Moreover, as exemplified by this case, the preponderance standard "penalize[s] a movant for a court's discretionary choice not to specify under which clause" of § 924(c) "an offense qualified as" a crime of violence. Cf. Winston, 850 F.3d at 682; Peppers, 889 F.3d at 223–24.

Finally, the "may have relied" approach "does not deprive [AEDPA's] gatekeeping requirements of force." Peppers, 899 F.3d at 224. The federal prisoner "must still show that it is possible he was sentenced under the now-unconstitutional residual clause." Id. "There are likely to be situations where the record is clear that a defendant was not sentenced under the residual clause, either because the sentencing judge said another clause applied or because the evidence provides clear

proof that the residual clause was not implicated." Id. In this
Circuit, at least two cases have found such historical records.
See Massey, 895 F.3d at 252-53 ("We have no doubt that Massey's
sentence was enhanced pursuant to the ACCA's force clause.);
Barnes, 2024 WL 1309240 at *6 (concluding that the petitioner
was sentenced based on his conviction under § 924(c)'s elements
clause). "When that happens, the movant cannot establish that he
may have been sentenced under the residual clause, and the court
must dismiss the § 2255 petition for lack of jurisdiction."
Peppers, 889 F.3d at 224.

The Government argues that the preponderance standard is
the correct standard because AEDPA's text states that the movant
must "show[] that the claim relies on a new rule of
constitutional law." § 2244(b)(2)(A). But a showing on the may-
have standard is a showing all the same. AEDPA's text does not
evince a preference for one standard over the other. See
Peppers, 899 F.3d at 222 (noting that "the text here is
inconclusive"). To proceed to the merits, Lorenzana must show
that he "may have" been convicted pursuant to § 924(c)'s now-
void residual clause.

**b.**

Lorenzana may have been convicted pursuant to § 924(c)'s
residual clause. There is nothing in the jury charge requests,
the jury charge, the trial transcript, or the sentencing record

establishing that Lorenzana's § 924(c) convictions rested on one clause of § 924(c)(3) instead of the other. In addition, the trial court instructed the jury that "injury" encompasses economic injury and that "fear" exists if "at least one victim expresses anxiety, worry over . . . business loss or over financial or job security." Tr. 2099-2100. And because "attempt" required only a "substantial step towards the commission of that crime," Tr. 2098, a mere threat of economic injury sufficed to convict the petitioner of attempted Hobbs Act robbery. To qualify as a crime of violence under the elements clause, however, an offense must have as an "element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(B) (emphasis added).

The Court cannot rule out the possibility that the trial court applied the residual clause to completed Hobbs Act robbery, attempted Hobbs Act robbery, or both, as a matter of historical fact in this case. See Savoca Op. Tr. 32. Accordingly, Lorenzana has shown that his § 924(c) convictions "may have relied on the residual clause that was invalidated by Davis and therefore has satisfied the gatekeeping requirements of [§] 2244(b)(2)(A)." Parkes, 2023 WL 4865616 at *5.

**V.**

Trying to avoid the substantive merits, the Government argues that the Court should dismiss the petitioner's § 2255

26

motion based on procedural default. Opp. 16-20. Pointing out that Lorenzana did not raise his current claims on direct appeal, the Government contends that Lorenzana may not raise them now.

A § 2255 petitioner cannot bring a claim that was not raised on direct appeal and thereby waived, unless the petitioner overcomes the procedural bar by showing "cause and actual prejudice" or "actual[] innocen[ce]." Bousley v. United States, 523 U.S. 614, 622 (1998). However, the Government's argument is itself procedurally barred because the Government failed to raise procedural default earlier in this case despite having had multiple opportunities to do so. See Gomez v. United States, 87 F.4th 100, 107 (2d Cir. 2023).

"[P]rocedural default is normally a defense that the [Government] is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter." See Trest v. Cain, 522 U.S. 87, 89 (1997). In this case, the Government could have raised the defense in 2020, when the petitioner renewed his petition seeking leave from the Second Circuit to file a successive § 2255 petition. It did not. It could have done so on remand in 2021. It did not. A third opportunity came in 2022 when the petitioner appealed the trial court's ruling. It did not. Accordingly, "that defense is either waived or forfeited." Gomez, 87 F.4th at 107.

27

### VI.

On the merits, Lorenzana's § 924(c) convictions are not supported by any valid crime-of-violence predicate. First, <u>Davis</u> and <u>Taylor</u> apply retroactively. Second, harmless-error review is inapplicable. Third, applying the modified categorical approach, the jury convicted Lorenzana of attempted Hobbs Act robbery on Counts Two, Three, and Five. In turn, applying <u>Taylor</u>, the jury convicted Lorenzana pursuant to § 924(c)(3)(B), in violation of <u>Davis</u>.

### A.

The parties agree that <u>Davis</u>, which invalidated § 924(c)'s residual clause, and <u>Taylor</u>, which held that attempted Hobbs Act robbery is not a crime of violence under § 924(c)'s elements clause, apply retroactively to cases on collateral review. Br. 19-22; Rep. 12; Opp. 11. Indeed, the Second Circuit Court of Appeals held in <u>Hall</u>, 58 F.4th at 63, that <u>Davis</u> applies retroactively on collateral review. Following <u>Hall</u>, courts in this District have found that <u>Taylor</u> also applies retroactively. <u>See, e.g.</u>, <u>Aponte v. United States</u>, Nos. 2-cr-1082-4 & 16-cv-3511, 2023 WL 3600848, at *3-4 (S.D.N.Y. May 23, 2023); <u>Crowder v. United States</u>, Nos. 5-cr-67-02 & 16-cv-4403, 2023 WL 5097803, at *2-3 (S.D.N.Y. Aug. 9, 2023).

"<u>Taylor</u> announced a new rule by overturning existing precedent" and thereby "announced a substantive rule." <u>Aponte</u>,

2023 WL 3600848 at *4. Therefore, "Taylor applies retroactively to petitioners, like [Lorenzana], who seek collateral review of their convictions under § 2255." Id. Thus, on the merits, Taylor—a "judicial construction of a statute"—provides the "authoritative statement of what the statute meant" at the time of Lorenzana's conviction and sentencing. See Rivers v. Roadway Express, Inc., 511 U.S. 298, 312–13 (1994).

To put it succinctly, Taylor held that attempted Hobbs Act robbery was not a crime of violence under § 924(c)'s elements clause. 596 U.S. at 851. And attempted Hobbs Act robbery cannot be a crime of violence under § 924(c)'s residual clause because that clause was held unconstitutional in Davis, 588 U.S. at 470. Therefore, it was error for the trial court to allow the jury to find the petitioner guilty of a crime of violence under § 924(c) based on attempted Hobbs Act robbery.

**B.**

Relying on Stone v. United States, 37 F.4th 825 (2d Cir. 2022), the Government argues that any error was harmless. Opp. at 20–23. The petitioner disagrees. Br. 11–12. Under Stone, "where a jury's finding of guilt is based on two [§ 924(c)] predicates, only one of which can lawfully sustain guilt," an error is "harmless when the jury would have found 'the essential elements of guilt on [an] alternative charged predicate that would sustain a lawful conviction' beyond a reasonable doubt."

29

Stone, 37 F.4th at 831 (quoting United States v. Laurent, 33
F.4th 63, 86 (2d Cir. 2022)).

Stone is inapposite. In that case, the petitioner was
convicted of both murder, a qualifying offense, and murder
conspiracy, a non-qualifying offense. Id. at 826. Because that
petitioner committed a crime of violence—murder—the Stone
court's "inquiry [wa]s focused on whether Stone was prejudiced
by the erroneous jury instruction stating that his § 924(c)
conviction could be predicated on either or both of two crimes,
only one of which remains a constitutionally valid predicate."
Id. at 831. On those facts, the Stone court concluded that "the
error of instructing the jury on the now-invalid predicate was
harmless to [the petitioner] because the jury found facts
satisfying the essential elements of guilt on the valid
predicate." Id. at 832. In short, traditional harmlessness
review applied in Stone because the petitioner had been
convicted separately of murder, a still-valid crime-of-violence
predicate. See id. at 831-32.

In this case, unlike in Stone, there is no separate still-
valid crime-of-violence predicate. Each of the predicate Hobbs
Act robbery counts charged both completed Hobbs Act robbery and
attempted Hobbs Act robbery. Completed Hobbs Act robbery remains
a valid crime-of-violence predicate, McCoy, 58 F.4th at 74;
attempted Hobbs Act robbery does not, Davis, 588 U.S. at 470;

30

Taylor, 596 U.S. at 851. Thus, the question in this case is whether the jury convicted Lorenzana of attempted or completed Hobbs Act robbery on each of the predicate counts.

"To determine whether a predicate offense qualifies as a crime of violence" under § 924(c)'s elements clause, courts "employ what has come to be known as the categorical approach." Pannell v. United States, 115 F.4th 154, 160 (2d Cir. 2024); Stone, 37 F.4th at 831. Under the categorical approach, courts consider the minimum conduct required for a conviction of the predicate offense, then consider whether such conduct constitutes a crime of violence under the § 924(c) elements clause. Pannell, 115 F.4th at 160. In other words, courts must "'look only to the statutory definitions'—i.e., the elements—of [the] defendant's [predicate] offenses, and not 'to the particular facts underlying those convictions.'" Cf. Descamps v. United States, 570 U.S. 254, 261 (2013) (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)).

Some statutes "have a more complicated (sometimes called 'divisible') structure, making the comparison of elements harder." Mathis v. United States, 579 U.S. 500, 505 (2016) (quoting Descamps, 570 U.S. at 260). "If the statute of offense is 'divisible'" in that "it defines multiple separate crimes," courts "apply the 'modified categorical' approach and look at 'a limited class of documents' from the record of conviction to

31

'determine what crime, with what elements, a defendant was convicted of.'" <u>Gray v. United States</u>, 980 F.3d 264, 266 (2d Cir. 2020) (quoting <u>Mathis</u>, 579 U.S. at 505–06). Such documents include "the indictment, jury instructions, or plea agreement and colloquy." <u>Mathis</u>, 579 U.S. at 505.

In this case, the indictment and jury instructions offered the jury two paths to conviction on Counts Two, Three, and Five, and therefore two potential crime-of-violence predicates on each of Counts Six, Seven, and Nine: attempted Hobbs Act robbery and completed Hobbs Act robbery. The Supreme Court has instructed lower courts to apply the modified categorical approach to resolve such ambiguity in the record. <u>See</u> <u>Descamps</u>, 570 U.S. at 260.

Applying the modified categorial approach, Lorenzana was charged and convicted of either attempted or completed Hobbs Act robbery on each of Counts Two, Three, and Five. <u>Cf.</u> <u>Gray</u>, 980 F.3d at 266. On those counts, the indictment charged both "robberies and attempted robberies." S9 ¶ 4. And the trial court instructed the jury that either an attempted or completed Hobbs Act robbery would suffice to convict Lorenzana on the mixed Hobbs Act robbery counts. Tr. 2096–98. Accordingly, "look[ing] only to the statutory definitions—<u>i.e.</u>, the elements—of the offense," <u>Descamps</u>, 570 U.S. at 261, the minimum conduct

required for a conviction on Lorenzana's predicate counts was attempted Hobbs Act robbery.

Therefore, Lorenzana's § 924(c) convictions on Counts Six, Seven, and Nine were predicated on convictions of attempted Hobbs Act robbery on Counts Two, Three, and Five, respectively. What the Government actually proved at trial is irrelevant. The categorical approach "cares not a whit about" facts. See Mathis, 579 U.S. at 504; United States v. Berry, No. 9-cr-19, 2020 WL 591569, at *3 (W.D. Va. Feb. 6, 2020). Indeed, at oral argument, the Government conceded that if the modified categorical approach applied, Lorenzana's convictions on the § 924(c) counts must be vacated.

Because attempted Hobbs Act robbery no longer qualifies as a valid crime-of-violence predicate under § 924(c)(3), Davis, 588 U.S. at 470; Taylor, 596 U.S. at 851, the petitioner has shown by a preponderance that his sentence on the § 924(c) counts "was imposed in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255(a). Lorenzana's convictions on Counts Six, Seven, and Nine must therefore be **vacated.**

### VII.

Section 2255 grants district courts the discretion to select among four remedies when reviewing a conviction or sentence that was not authorized by law or is otherwise open to collateral attack. See 28 U.S.C. § 2255(b). A court may: "[1]

33

vacate and set the judgment aside and . . . discharge the
prisoner or [2] resentence him or [3] grant a new trial or [4]
correct the sentence as may appear appropriate." Id. When courts
invalidate a defendant's § 924(c) conviction, courts
"'routinely' vacate the defendant's entire sentence on all
counts 'so that the district court may increase the sentences
for any remaining counts' if such an increase is warranted."
Davis, 588 U.S. at 469 (quoting Dean v. United States, 581 U.S.
62, 68-69 (2017)). Accordingly, the petitioner's entire sentence
in this case should be **vacated** so that the petitioner may be
**resentenced de novo** on all remaining counts.

**CONCLUSION**

The Court has considered all of the arguments raised by the
parties. To the extent not specifically addressed, the arguments
are either moot or without merit.

The Court has answered the mandate's two questions. First,
Lorenzana's § 924(c) convictions do not remain supported by any
valid crime-of-violence predicate because the petitioner's §
924(c) convictions were predicated on convictions of attempted
Hobbs Act robbery. Under Davis, 588 U.S. at 470, and Taylor, 596
U.S. at 851, Lorenzana's § 924(c) convictions cannot stand.
Second, both Davis and Taylor, the case law underlying
Lorenzana's claim, apply retroactively to cases on collateral

review. Hall, 58 F.4th at 63 (Davis); Aponte, 2023 WL 3600848 at *3-4 (Taylor).

For the foregoing reasons, the petitioner's 28 U.S.C. § 2255 motion to vacate is **granted**, the petitioner's convictions pursuant to 18 U.S.C. § 924(c) are **vacated**, and the petitioner's entire sentence is **vacated** to permit de novo resentencing on all remaining counts.

The Court will schedule a sentencing hearing to resentence Lorenzana de novo on the remaining counts. The parties should submit a proposed schedule for sentencing submissions within fourteen (14) days of the date of this Memorandum Opinion and Order.

A certificate of appealability is denied because the Court has granted the petitioner's motion to vacate his sentence. See 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal by the petitioner from this order would not be taken in good faith. Therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:    New York, New York
          December 9, 2024

                                        John G. Koeltl
                                United States District Judge

35